IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, et al., | No. C 12-4402 SBA (PR) |
| Plaintiffs, | **ORDER DISMISSING CERTAIN PLAINTIFFS; DISMISSING PLAINTIFF ORTEGA'S CLAIMS AS UNEXHAUSTED; AND TERMINATING AS MOOT PLAINTIFF ORTEGA'S PENDING MOTIONS** |
| v. | |
| SERGEANT DAVIS, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Ortega (hereinafter "Plaintiff") is currently a pretrial detainee at the Santa Clara County Jail ("SCCJ"). He brings the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 asserting claims on behalf of himself and his two brothers, Angel G. and Alexander Rocha. Plaintiff has also filed a motion for leave to proceed in forma pauperis.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SCCJ, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants who appear to be employed at SCCJ: Sergeants Davis and Smith; and Officers Fortino, Luperini, J. Zmurk, Bettencourt, Price, Reyes, Kelter, Alverez, Cabberea, "Lopez (1)," "Lopez (2)," Marichala and Mandoza. Plaintiff also requests the appointment of counsel and a restraining order against Defendants. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff has filed three other civil rights actions in this Court: Ortega v. Ritchie, et al., No. C 09-5527 SBA (PR) ("Ritchie"), Ortega v. Barbasa, et al., No. C 11-1003 SBA (PR) and Ortega v. Flavetta, et al., No. C 12-3426 KAW (PR) ("Flavetta"). Plaintiff has consented to magistrate judge jurisdiction in the Flavetta case; therefore, it has been reassigned to Magistrate Judge Kandis Westmore. The two other cases have been dismissed for failure to

1  exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"),
2  and both are currently on appeal. Because the instant complaint contains sparse background
3  information, the Court takes judicial notice of the relevant background information from the
4  Ritchie and Flavetta cases.

5  Beginning in March 2007, Plaintiff was housed at SCCJ as a pretrial detainee facing
6  charges of assault with a deadly weapon. (May 2, 2011 Order in Ritchie at 1-3.) Plaintiff
7  alleges that he suffers from the severe mental disorder of bi-polar schizophrenia, that he has
8  a history of being on medication and was hospitalized from 1997 to 2009. (Id.) In
9  September 2007, Plaintiff was found to be incompetent to stand trial. (Id.) In Flavetta (filed
10 on June 29, 2012 and the only other case still pending in this Court), Plaintiff claims he
11 suffers from a severe mental illness which causes him to hear voices and to have irrational
12 thoughts against officers and that he is still being "denied mental health treatment and
13 housing in a mental health ward." (June 10, 2013 Order in Flavetta at 3.)

14 In the instant complaint filed on August 21, 2012, Plaintiff alleges that he is a pretrial
15 detainee at SCCJ. (Comp. at 1 of 3.) On April 13, 2012, he claims Defendants threatened to
16 kidnap his brothers, and that Defendants did so -- illegally holding his brothers at SCCJ and
17 severely beating them. (Id.) Plaintiff alleges that, he suffers "day and night," hearing his
18 brothers yelling for help. (Id.) Plaintiff alleges that his brothers are being beaten by inmates
19 in addition to Defendants and that Defendants are denying his brothers medical treatment for
20 their injuries. (Id.) Based on these allegations, Plaintiff asserts Fourteenth Amendment[1]
21 claims on behalf of himself as well as his brothers. Plaintiff seeks injunctive relief and
22 monetary damages on their behalf.

23 **DISCUSSION**
24 **I.    Standard of Review**
25 A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] See Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.").

2

seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.   Dismissal of Certain Plaintiffs

Plaintiff purports to bring claims on behalf of his siblings, which, as a pro se plaintiff, he cannot do. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."). As the sole signor of the pleadings, Plaintiff may only assert legal claims on behalf of himself, and not his brothers. Accordingly, Plaintiff's brothers, identified as Angel and Alexander Rocha, and all claims asserted on their behalf by Plaintiff, are DISMISSED. Said dismissal is without prejudice to each of Plaintiff's brother's right to file a civil rights action to assert their own claims.[2]

## III.   Plaintiff's Claims

The only claim alleged in the pleadings that references Plaintiff by name is that the aforementioned illegal treatment of his brothers constitutes "conspiracy to violate civil rights and murder by retaliation against [Plaintiff] and [the] Rocha family." However, a threshold question which must be answered before Plaintiff can proceed with any of his claims is

---

[2] The Court notes that neither Angel nor Alexander Rocha have filed any statements or documents in this action indicating whether they wish to pursue suit against Defendants. There is also nothing in the record, aside from Plaintiff's statements, confirming that they are being housed at SCCJ. However, out of an abundance of caution, the Court directs the Clerk of the Court to send copies of this Order to Angel and Alexander Rocha at SCCJ, as directed below.

3

whether he has exhausted available administrative remedies with respect to each claim.

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Id. at 532.

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to § 1073, Santa Clara County has established grievance procedures for inmates at SCCJ. (Inmate Orientation and Rule Book at 8-9.)[3] An inmate may grieve "any condition of confinement over which the Department of Correction has control" by first raising the complaint informally with the Officer in charge of the inmate's housing unit. (Id. at 8.) If the grievance is not resolved, the inmate may then complete an "Inmate Grievance Form" and submit it to any Officer. (Id.) If the Officer cannot resolve the grievance, it is forwarded to the Sergeant; if the Sergeant cannot resolve it, to the Watch Commander, who will "determine the appropriate actions to take and ensure [the inmate] receive[s] a written response." (Id.) Finally, an inmate may then appeal the Watch Commander's decision by

---

[3] Defendants from the 2009 case have attached a copy of SCCJ's grievance procedures, which are included in the jail's Inmate Orientation and Rule Book. (DeLara Decl. in 2009 case, Ex. A.)

4

1  writing a letter to the Division Commander of the facility where the inmate is housed.  (Id.)
2  The Division Commander will "either affirm or reverse the decision and will give [the
3  inmate] a written response."  (Id. at 9.)  If the inmate prefers to "correspond confidentially"
4  with the Chief of Correction instead of the Division Commander, the inmate may do so, and
5  he will receive a "written response."  (Id.)  The addresses of the Division Commander and
6  Chief of Correction are listed under the "Grievance Procedure" section of the jail's Inmate
7  Orientation and Rule Book.  (Id.)

8  An action must be dismissed unless the prisoner exhausted his available
9  administrative remedies before he or she filed suit, even if the prisoner fully exhausts while
10 the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  If the district
11 court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy
12 is dismissal without prejudice.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  A
13 prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no
14 exception to exhaustion applies.  Id.  Accordingly, a claim may be dismissed without
15 prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust
16 administrative remedies.  Id.

17 Here, Plaintiff concedes that he has failed to exhaust his administrative remedies prior
18 to filing this action.  On the first page of his complaint, Plaintiff answered "no" to the
19 question, "Did you present the facts in your complaint for review through the grievance
20 procedure?"  (Compl. at 1.)  In addition, there is nothing in the record that shows that
21 Plaintiff met the requirements of the aforementioned grievance procedure at SCCJ.
22 Furthermore, Plaintiff has not presented any extraordinary circumstances which might
23 compel that he be excused from complying with PLRA's exhaustion requirement.  Cf. Booth
24 v. Churner, 532 U.S. 731, 741 n.6 (2001) (courts should not read "futility or other
25 exceptions" into § 1997e(a)).  Accordingly, Plaintiff's claims are subject to dismissal without
26 prejudice to refiling after exhausting California's prison administrative process.  See
27 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed
28 without prejudice unless prisoner exhausted available administrative remedies before he filed

5

suit, even if prisoner fully exhausts while the suit is pending).

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's brothers, Angel and Alexander Rocha, are DISMISSED as party-plaintiffs, and all claims asserted on their behalf in this action are DISMISSED without prejudice to their right to file a separate civil action in each of their own names. The Court directs the Clerk to send copies of this Order to Angel G. Rocha and Alexander Rocha at SCCJ.

2. Plaintiff's claims are DISMISSED without prejudice to refiling after exhausting California's prison administrative process.

3. The Clerk shall enter judgment, terminate as moot any pending motions -- including Plaintiff's requests for a temporary restraining order and for appointment of counsel, and close the file.

IT IS SO ORDERED.

DATED: 2-4-14

SAUNDRA BROWN ARMSTRONG
United States District Judge